RECEIVED
OCT 1 2 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| BARBARA CARTER | CIVIL ACTION NO. 12-1541 |
| VERSUS | JUDGE TRIMBLE |
| TARGET CORPORATION | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by defendant Target Corporation.[1] The court has carefully reviewed the motion, as well as the associated briefs and plaintiff's complaint, and finds that the motion should be GRANTED in part and DENIED in part for the reasons expressed below.

I.  BACKGROUND

   A.  Relevant Facts

Plaintiff Barbara Carter is a former employee of defendant Target Corporation ("Target"). Plaintiff alleges that she was subjected to an increased workload, unfounded disciplinary actions, denial of promotion and termination because of her race and in retaliation for reporting complaints about Target management and asserting her rights under Title VII. On August 26, 2010, plaintiff filed a formal charge ("Charge 1") with the Equal Employment Opportunity Commission ("EEOC") and the Louisiana Commission on Human Rights ("LCHR") alleging retaliatory actions by Target because of plaintiff's reporting of complaints

---

[1] R. 5.

1

against management using an employee hotline.[2]  Plaintiff amended Charge 1 ("Amended Charge 1") on May 28, 2011, adding additional specific allegations of harassment in retaliation for her use of an employee hotline.[3]  Plaintiff was issued a right to sue letter on or about March 13, 2012.[4]

Plaintiff further alleges that, following the dismissal of her claim by the EEOC and LCHR, she was terminated.  Plaintiff asserts that she was terminated in retaliation for the filing of Charge 1 and Amended Charge 1.[5]  Plaintiff filed a second charge ("Charge 2") on May 28, 2011 alleging retaliatory discharge.[6]

Plaintiff filed suit on June 6, 2012 asserting claims for racial discrimination, retaliatory harassment, retaliatory denial of promotion and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964.[7]  Plaintiff seeks injunctive relief, compensatory damages, punitive damages, costs and attorney fees.[8]

### B.   Applicable Standards

Target's motion asserts both lack of subject matter jurisdiction and failure to state a claim as bases for dismissal of plaintiff's claims in this case.  When a motion under Fed. R. Civ. P. 12(b)(1) is filed in conjunction with other motions under Rule 12, the court must address the jurisdictional issue before it considers any Rule 12 motion related to the merits of the case.[9]  Federal courts are courts of limited jurisdiction and may only adjudicate matters within the scope

---

[2] R. 1 at ¶ 11; R. 5-2 at p. 2 (Plaintiff's first EEOC/LCHR complaint dated 8/26/2010).
[3] R. 5-3 at p. 2 (Plaintiff's amended EEOC/LCHR complaint dated 5/28/2012).
[4] R. 1 at ¶ 11.
[5] Id. at ¶¶12 – 14.
[6] Id. at ¶ 14; R. 5-4 at p.2.
[7] Id.
[8] R. 1 at ¶ 17.
[9] Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762 (5th Cir. 2011) quoting Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

of the jurisdiction conferred upon them by constitution or statute.[10] The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion.[11]

The court may find a lack of subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[12] The court must accept as true all "nonfrivolous" allegations of the complaint.[13]

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12 (b)(6) requires the court to accept all well-pled facts as true and to view all such facts in the light most favorable to the plaintiff, resolving all factual disputes in favor of the plaintiff.[14] The court may examine only the complaint and any documents attached to the complaint or referenced therein.[15] The complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[16] Motions to dismiss are disfavored and are to be used "sparingly" in Title VII cases.[17]

II.    ANALYSIS

At the outset, we must address the parties' differing views of what this court may review in the context of a motion to dismiss. Target's motion relies not only upon the content of plaintiff's complaint, but also on the content of plaintiff's EEOC charges. Target avers that the court may examine the charges because they are specifically referenced within plaintiff's

---

[10] Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); In re FEMA Trailer Formaldehyde Products Liability Litigation, 669 F.3d 281, 286 (5th Cir. 2012).
[11] Wolcott, 635 F.3d at 763 citing Ramming, 281 F.3d at 161.
[12] Ramming, 281 F.3d at 161 citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).
[13] Wolcott, 635 F.3d at 763 citing McClain v. Pan. Canal Comm'n., 834 F.2d 452, 454 (5th Cir. 1987).
[14] Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).
[15] Lovelace v. Software Spectrum, Inc., 78 F.3d 1015 (5th Cir. 1996); Baker v. Putnal, 75 F.3d 190 (5th Cir. 1996).
[16] Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382 (5th Cir. 2001).
[17] Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982); Price v. Southwestern Bell Telephone Co., 687 F.2d 74 (5th Cir. 1982).

court may examine the charges because they are specifically referenced within plaintiff's complaint.[18] Plaintiff argues that these charges may not be considered because to do so would constitute an enlargement of the pleadings and because such charges are private and were not to be made public without plaintiff's consent or to be used as evidence in court proceedings.[19]

It is well settled that district courts may take judicial notice of EEOC charges, particularly when such charges are referenced in the pleadings.[20] Moreover, consideration of EEOC charges does not demand that a motion to dismiss be converted to a motion for summary judgment.[21] Accordingly, the court finds that the EEOC charges filed by plaintiff are properly considered in the context of a motion to dismiss.

Target asserts that plaintiff's race discrimination claims are untimely because plaintiff failed to file an EEOC charge alleging race discrimination within the 300-day limitations period applicable to such claims under Title VII.[22] Target points out that plaintiff's Charge 1 and Amended Charge 1 both allege that the relevant adverse employment actions occurred no later than July 2, 2010 and that, although plaintiff filed Charge 1 on August 26, 2010, Charge 1 contained no allegation of race discrimination. Target further points out that plaintiff didn't file her Amended Charge 1, in which plaintiff adds the allegation of race discrimination, until May 28, 2011. Based on these facts, Target asserts that plaintiff's allegation of race discrimination was not made until 330 days after the alleged discrimination occurred, making such claims

---

[18] R. 5-1 at p. 6, n. 2.
[19] R. 12 at p. 3. The court notes that plaintiff's memorandum in opposition to Target's motion consists of unnumbered pages. In the future, counsel for plaintiff shall number all pages of any motion or brief filed or submitted in this court.
[20] Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008); King v. Life School, 809 F.Supp. 2d 572, 579 n. 1 (N.D. Tex. 2011) citing Cinel v. Connick, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1984); Peters v. Transocean Offshore, Inc., 2000 WL 869504, *2 (E.D. La. 2000); Chadwick v. Layrisson, 1999 WL 717628, *2 (E.D. La. 1999) (internal citations omitted).
[21] Id.
[22] 42 U.S.C. § 2000e – 5(e)(1); McClain v. Lufkin Industries, Inc., 649 F.3d 374 (5th Cir. 2011); Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 351 (5th Cir. 2001).

untimely under Title VII.[23] Target further asserts that Amended Charge 1 does not "relate back" to Charge 1 because it alleges a new theory of discrimination.[24] Plaintiff fails to address this issue, arguing broadly for the exclusion of the EEOC charges for purposes of this motion as discussed above.[25]

The purpose of an EEOC discrimination charge is to notify the accused employer of the nature of the allegations against it.[26] For that reason, an amended charge does not "relate back" to the original charge when it advances an entirely new theory of discrimination.[27] Amendments do relate back to the original charge when they merely "cure technical defects or omissions" or "clarify and amplify" the original charge.[28] Given the purpose of the EEOC charge as stated above, the charge's factual statement is "crucial."[29]

Charge 1 states that it alleges discrimination based on retaliation.[30] The facts alleged in Charge 1, filed by plaintiff on August 26, 2010, are as follows:

> I began my employment with the Respondent on July 2, 2002 as a Flow Team Member. I was promoted to a Hardline Team Member. The respondent employs over 100 employees. Before and after reporting Management to a Company Hotline, I was subjected to harassment.
>
> From September 18, 2009 until July 1, 2010, I reported various issues to a company hotline which includes but not limited to excessive workload; negative notes of my performance; low performance score of 69 out of 100 and two corrective actions. Since March 2, 2010, Ms. Camille, /sic/ has been processing an investigation about the numerous incidents; however, the treatment has continued. On July 1, 2010, I was placed on Final Notice for

---

[23] R. 5-1 at pp. 17-18.
[24] Id.
[25] R. 12, generally.
[26] Manning v. Chevron Chemical Co., LLC, 332 F.3d 874, 878-79 (5th Cir. 2003) (internal citations omitted).
[27] Id.
[28] 29 C.F.R. § 1601.12(b); 29 C.F.R. § 1626.8(c).
[29] Manning, 332 F.3d at 879 quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 462 (5th Cir. 1970).
[30] R. 5-2 at p. 2. The court notes that the charge form clearly states that plaintiff may select all applicable bases for the charge, of which "race" is one available selection.

> 30 days; /sic/ which I again reported.  On July 23, 2010, I was informed that I would be given a finding of the investigation.
> I am persisting on filing my Charge of Discrimination, even though; /sic/ my complaint is not relative to the jurisdiction of the EEOC or LCHR.
>
> I believe I have been discriminated against based on retaliation in violation of LSA R.S. 23:301 et seq /sic/ and Title VII of the Civil Rights Act of 1964, as amended respectively.[31]

Amended Charge 1, filed on May 28, 2011, states that it alleges discrimination based on both race and retaliation.  Amended Charge 1 alleges the following facts:

> I began my employment with Respondent on July 2, 2002 as a Flow Team Member.  I was promoted to Hardline Team Leader.  The Respondent employs over 100 employees.  Before and after reporting Management to a Company Hotline, I was subjected to harassment.  I was denied a promotion and subjected to unequal terms and conditions.
>
> In approximately 2009, I inquired about a Senior Team Leader position with Bradley Morrow, Store Team Leader; however Heather Simmon, White Team Leader was promoted even though I am more qualified.  Ms. Simmon's workload decreased and the workload of James Holcomb, White Team Leader and I increased.  From September 18, 2009 until July 1, 2010, I reported various issues to a company hotline which includes but not limited to excessive workload; negative notes of my performance; low performance score of 69 out of 100 and two corrective actions.  Since March 2, 2010, Ms. Camille, has been processing an investigation about the numerous incidents; however, the treatment has continued.  On July 1, 2010, I was placed on Final Notice for 30 days; /sic/ which I again reported.  On July 23, 2010, I was informed that I would be given a finding of the investigation.
>
> I am persisting on filing my Charge of Discrimination, even though; /sic/ my complaint is not relative to the jurisdiction of the EEOC or LCHR.
>
> I believe I have been discriminated against based on race, Black and retaliation in violation of LSA R.S. 23:301 et seq /sic/ and Title VII of the Civil Rights Act of 1964, as amended respectively.[32]

---

[31] Id.
[32] R. 5-3 at pp. 2-3.

Construing the language of the original and amended charge liberally, the court concludes that plaintiff's amendment does not relate back to the Charge 1. Amended Charge 1 alleges an entirely new theory of discrimination and appears to confine its new allegation of race discrimination to plaintiff's failure to promote claim.

Plaintiff's original and amended charges allege violations of both Louisiana and federal law occurring between September 18, 2009 and July 2, 2010.[33] 42 U.S.C. §2000e-5(e)(1) provides that a charge of discrimination must be filed with the EEOC no later than 180 days after the alleged unlawful employment practice occurred, except when the plaintiff has initially filed a charge with a state or local agency capable of providing relief requested. In such "deferral states," plaintiff's delay for filing a charge with the EEOC is enlarged to 300 days from the date of the alleged unlawful employment practice.[34] Louisiana is a deferral state for purposes of race discrimination in employment claims.[35]

As expressed above, plaintiff's first allegation of race discrimination was contained in Amended Charge 1. Amended Charge 1 was filed on May 28, 2011, 330 days after the latest date of any alleged race discrimination per the charge. On the basis of these facts, the court finds that plaintiff's federal claims of race discrimination in Amended Charge 1 are time-barred under 42 U.S.C. § 2000e-5(e)(1). While plaintiff argues that the applicable 300 day time limit is subject to equitable tolling, she advances no theory as to what basis the court would have to apply the theory of equitable tolling in this case.[36]

---

[33] R. 5-2 at p. 2; R. 5-3 at p. 2.
[34] 42 U.S.C. § 2000e-5(e)(1); Ikossi-Anastasiou v. Board of Supervisors of Louisiana State University, 579 F.3d 546 (5th Cir. 2009).
[35] La. R.S. 51:2231, et seq.; Conner v. Louisiana Dept. of Health and Human Hospitals, 247 Fed. Appx. 480, 481 (5th Cir. 2007); Staples v. Reckamp, 2006 WL 3247104 (W.D. La. 11/07/2006); McNealy v. Emerson Elec. Co., 306 F.Supp.2d 613 (M.D.La. 2/25/2004).
[36] R. 12 at p. 2. The court notes that plaintiff's EEOC/LCHR charges were drafted by her attorney.

We note that Louisiana law does not require that an aggrieved party file a charge of discrimination with the Louisiana Commission on Human Rights ("LCHR") as a prerequisite to civil action. Instead, La. R.S. 23:303(C) merely requires that

> [a] plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

As with other tort actions in Louisiana, employment discrimination claims are subject to a one-year liberative prescriptive period, which is suspended during the pendency of any administrative review or investigation by the EEOC or LCHR, not to exceed six months.[37] The filing of an EEOC charge constitutes sufficient written notice under Subsection C.[38]

Plaintiff's suit alleging violation of Louisiana and federal law was filed on June 6, 2012. Based on these facts, the court finds that plaintiff's Louisiana law race discrimination claims alleging unlawful employment practices occurring between September 18, 2009 and July 2, 2010 are timely and have not prescribed under La. R.S. 23:303(C) and (D). Such claims are preserved for further analysis.

Target's motion next asserts that plaintiff's discipline, performance evaluation and workload discrimination claims do not qualify as "adverse employment actions" and are, therefore, insufficient to demonstrate violation of Title VII in this case. Target seeks dismissal of these Charge 1 claims as a matter of law.

A plaintiff alleging discrimination or retaliation must demonstrate a prima facie case for these claims under the McDonnell Douglas burden shifting framework.[39] Accordingly, plaintiff

---

[37] La. R.S. 23:303(D); Taylor v. United Parcel Service, Inc., 554 F.3d 510 (5th Cir. 2008).
[38] Johnson v. Hospital Corp. of America, 767 F.Supp.2d 678, 700 (W.D. La. 2011) (internal citations omitted).
[39] 411 U.S. 792 (1973).

must demonstrate, among other elements, that she was subjected to an "adverse employment action" as that term is interpreted by applicable jurisprudence.[40]

It is well settled that neither Title VII, nor Louisiana employment discrimination law apply to each and every aspect of an employee's work experience.[41] Instead, federal and state law regard only "ultimate employment decisions" such as hiring, granting leave, discharging, promoting and compensating as constituting adverse employment actions within the scope of applicable statutes.[42]

Target cites the United States Fifth Circuit's decision in King v. Louisiana, as well as other unpublished cases, as authority excluding "poor performance evaluations, unjust criticism, and being placed on probation" from the scope of adverse employment action under federal and state law.[43] Plaintiff offers no authority or argument in favor of a finding that claims of discipline, performance evaluation and workload discrimination should come within the ambit of adverse employment action.

To the extent that plaintiff's claims that she received undue discipline, poor performance reviews and an unjustly increased workload are based on the theory of race discrimination, such claims will be dismissed. These alleged offenses are clearly outside the scope of those which may be deemed adverse employment actions under Title VII and Louisiana employment discrimination law.[44]

To the extent that plaintiff's claims of undue discipline, poor performance reviews and unjustly increased workload are based on the theory of retaliation, as specified in Charge 1, the

---

[40] McDonnell Douglas, 411 U.S. at 802.
[41] Banks v. East Baton Rouge Parish School Bd., 320 F.3d 570, 575-76 (5th Cir. 2003) (internal citations omitted); Stevenson v. Williamson, 547 F.Supp.2d 544, 551 (M.D. La. 2008) citing, inter alia, King v. Phelps Dunbar, LLP, 743 So.2d 181, 187 (La. 1999)
[42] Id.
[43] 294 Fed. Appx. 77, 84 (5th Cir. 2008); R. 13 at pp. 8-9.
[44] Mitchell v. Snow, 326 Fed. Appx. 852, 855 citing McCoy v. City of Shreveport, 492 F.3d 551 (5th Cir. 2007).

court finds dismissal inappropriate at this time under the broader definition of "adverse employment action" applicable to retaliation claims under the Supreme Court's ruling in Burlington Northern & Santa Fe Railway Company v. White and subsequent Fifth Circuit jurisprudence interpreting Burlington.[45] In Burlington, the Court instructed that, within the context of retaliation claims, courts must define "adverse employment action" as an employment action sufficient to dissuade a reasonable worker from making or supporting a charge of discrimination.[46] The court finds that, while there are colorable arguments both for and against a finding of adverse employment action on this issue, we are bound to resolve such close questions in favor of the preservation of plaintiff's claims at this stage of litigation. Therefore, Target's motion to dismiss will be denied as it pertains to plaintiff's claims of retaliatory harassment in the form of undue disciplinary actions, poor performance reviews and unjustly increased workload.

Target next asserts that plaintiff's race discrimination claim based on denial of promotion is untimely since plaintiff did not allege this adverse employment action until the filing of Amended Charge 1 on May 28, 2011 and that charge specifies that she was denied a promotion "in approximately 2009[.]"[47] Target also points out that elsewhere in plaintiff's Amended Charge 1, the dates of all applicable allegations are listed as September 18, 2009 and July 2, 2010.[48] Plaintiff does not address the issue of timeliness as to this particular claim.

As detailed above, plaintiff was required to file a charge of discrimination with the EEOC within 300 days of the denial of her promotion under Title VII. Construing the content of Amended Charge 1 liberally, the court will assume that plaintiff was denied a promotion on

---

[45] 548 U.S. 53 (2006).
[46] Id.
[47] R. 5-3 at p. 2.
[48] Id.

10

December 31, 2009. Having already established that significant portions of Amended Charge 1 do not relate back to Charge 1 because the amendment advances new theories of discrimination, the court also finds that plaintiff's race-based claim for denial of promotion is untimely. Plaintiff's May 28, 2011 filing of Amended Charge 1 fell outside the 300 day window, which began on January 1, 2010. Accordingly, plaintiff's federal claim for denial of promotion based on race will be dismissed with prejudice. To the extent that plaintiff's denial of promotion claim is based on the theory of retaliation, we reach the same result due to plaintiff's failure to include the factual allegations necessary for such claim in Charge 1.

Similarly, plaintiff failed to file suit or institute a charge of discrimination sufficient to avoid prescription of this claim under applicable Louisiana law. Assuming that plaintiff was denied a promotion on December 31, 2009, plaintiff had one year from that date to file suit after first providing her employer thirty (30) days' written notice of same. Plaintiff did not file suit until June 6, 2012, well past the arguable prescriptive period's expiration in this case. Accordingly, plaintiff's Louisiana law claim for denial of promotion will also be dismissed with prejudice.

Target last asserts that plaintiff's retaliatory discharge claim, asserted in Charge 2, filed May 28, 2011, was not administratively exhausted prior to the filing of this suit in June of 2012 because plaintiff was not issued a notice of right to sue by the EEOC at the time she filed suit. Target asserts that, because administrative remedies were not exhausted on this particular claim, the court lacks subject matter jurisdiction over it and should dismiss the claim without prejudice. The court agrees and finds that, as of the date of this ruling, we have not been informed that plaintiff has received a notice of right to sue as to Charge 2. Plaintiff's failure to exhaust

administrative remedies as to this claim deprives the court of subject matter jurisdiction and such claim will be dismissed without prejudice.[49]

Although we are bound to address the presence or absence of subject matter jurisdiction prior to the merits of any particular claim, we note that defendant also offers persuasive argument as to why plaintiff's retaliatory discharge claim would otherwise be subject to dismissal with prejudice on its face. Target asserts, alternatively, that plaintiff's claim for retaliatory discharge should be dismissed with prejudice because it is apparent from the face of the pleadings that plaintiff can show no causal connection between her discharge and any protected activity.

Both Title VII and Louisiana employment discrimination law prohibit an employer from discriminating against any employee because the employee has opposed an unlawful employment practice or participated in the investigation or prosecution of any such unlawful employment practice.[50] In order to demonstrate a prima facie case of retaliatory discharge, plaintiff must show that: (1) she engaged in a protected activity; (2) that she suffered an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action.[51]

Target argues that, while the filing of an EEOC charge may be considered a "protected activity," many courts do not consider such charge a protected activity when the charge fails to allege any colorable violation of Title VII on its face. Drawing from its earlier arguments regarding plaintiff's allegations of Charge 1, Target asserts that plaintiff did not allege violations of Title VII in that original charge. The court agrees.

---

[49] Pinkard v. Pullman-Standard, a Div. of Pullman, Inc., 678 F.2d 1211 (5th Cir. 1982).
[50] 42 U.S.C. § 2000e-3; Burnett v. East Baton Rouge Parish School Bd., 2012 WL 3846513, *9 (La. App. 1 Cir. 2012) (internal citations omitted).
[51] Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002).

Charge 1 contained no allegation of racial discrimination which was cognizable as a violation of Title VII or Louisiana law, alleging only retaliatory acts. Plaintiff's complaints of increased workload, negative performance reviews and undue disciplinary actions do not, as discussed above, rise to the level of Title VII violations within the context of race discrmination. As pointed out by Target, although plaintiff clearly alleges a violation of Title VII in Amended Charge 1, such charge was not filed until two months after plaintiff's March 2011 discharge from employment and does not relate back to the original charge. Accordingly, were plaintiff's retaliatory discharge claim not subject to dismissal without prejudice for lack of subject matter jurisdiction, we would dismiss the claim with prejudice only to the extent that it relies on plaintiff's purported race discrimination claims as asserted in Amended Charge 1.

## III.   CONCLUSION

Based on our analysis above, the court finds that Target's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be GRANTED as to plaintiff's federal claims for race discrimination in the form of "excessive workload; negative notes of my performance; low performance score of 69 out of 100[;] two corrective actions [and being] placed on a Final Notice for 30 days[.]" Such claims will be dismissed with prejudice as time-barred under Title VII.

The court also finds that, were plaintiff's claims listed above not time-barred, to the extent that such claims were based on the theory of race discrimination, they would still be dismissed under Rule 12(b)(6) on the basis that the alleged actions by Target do not constitute "adverse employment actions" as a matter of law. We reach the same finding with respect to plaintiff's Louisiana law race discrimination claims, although we note that those claims are not time-barred. Plaintiff's Louisiana law race discrimination claims as alleged in Amended Charge 1 will be dismissed with prejudice.

To the extent that plaintiff bases these claims on the theory of retaliation, the court finds that Target's motion to dismiss should be DENIED under the heightened standard of <u>Burlington</u>.

The court finds that Target's motion to dismiss should be GRANTED as to plaintiff's claims for race-based denial of promotion based upon our finding that such claims are time-barred under both federal and state law.

Finally, the court finds that Target's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) should also be GRANTED as to plaintiff's retaliatory discharge claim on the basis that plaintiff failed to exhaust administrative remedies as to this claim prior to the institution of this suit. We note, as above, that, were exhaustion not the basis for this finding, we would find dismissal with prejudice appropriate on this claim to the extent that such claim is premised upon allegations of race discrimination.

The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**
**October 12, 2012**

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE