RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _12-/ 14 / 12_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| BARBARA CARTER | : | DOCKET NO. 3:12-1541 |
| VS. | : | JUDGE TRIMBLE |
| TARGET CORPORATION | : | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is "Defendant Target Corporation's Motion for Reconsideration of the Court's October 12, 2012 Order on Motion to Dismiss" (R. #16) wherein Target complains that the court erred in considering the dismissal of plaintiff's state law claims, because plaintiff did not assert state law claims in her complaint. Target further complains that the court erred in denying Target's motion to dismiss because plaintiff cannot establish all of the elements of her *prima facie* case. Therefore, Target asserts that the court should have dismissed all remaining retaliation claims under Title VII. Target seeks to have the court modify its October 12, 2012 Order and dismiss the remainder of plaintiff's claims.

In the October 12, 2012 order, the court dismissed plaintiff's claims of race discrimination, retaliatory denial of promotion and retaliatory discharge under Title VII.[1] In denying Target's motion to dismiss, we held that plaintiff's state law race discrimination claims alleging unlawful employment practices allegedly occurring between September 18, 2009 and July 2, 2010 were timely

---

[1] R. #14, p. 9, 11-14.

and preserved.[2] Even so, we dismissed plaintiff's claims of racial discrimination because they did not constitute adverse employment actions. We also dismissed plaintiff's state law claims for denial of promotions because they had also prescribed.[3] We concluded that we did not have jurisdiction as to plaintiff's retaliatory discharge claim because as to this claim, plaintiff had failed to exhaust the administrative remedies.[4] We also concluded that even if we had jurisdiction, the retaliatory discharge claim would be dismissed with prejudice to the extent it relied on the race discrimination claims set forth in Amended Charge 1. We so held because the Amended Charge 1 was filed two months after plaintiff was discharged from employment, thus, plaintiff's discharge could not have been an act of retaliation for filing Amended Charge 1.

Finally, we denied Target's motion to dismiss as to plaintiff's claims that Target retaliated against her by acts of undue discipline, poor performance reviews and unjustly increased workload as specified in Charge 1. We concluded that the broader definition of "adverse employment action" as it relates to retaliation claims[5] bound us to preserve these claims at this stage of litigation.[6]

*State law claims*

Target maintains that plaintiff's complaint does not assert any state law claims; consequently, Target did not and could not have moved to dismiss any state law claims. Target complains that it

---

[2] R. #14, p. 8.

[3] Id., at p. 11.

[4] We based our finding on the fact that plaintiff had not yet been issued a right-to-sue notice with respect to the EEOC charge underlying this claim.

[5] Relying on Burlington Northern & Santa Fe Railway Company v. White, 548 U.S. 53 (2006).

[6] R. #14, p.10.

was an error for the court to consider dismissal of state law claims that were not asserted in the complaint. Target seeks to have the court amend its order to clarify that no such claims exist. Plaintiff has taken no position as to whether or not she has asserted any state law claims in her complaint, and in fact has made no argument as to any state law claims. Therefore, we must presume that indeed plaintiff is not asserting any state law claims in her complaint. Furthermore, we have carefully reviewed the complaint and plaintiff's opposition to the motion to dismiss. The complaint cites no state law causes of action, and it does not assert any violations of state law or even refer to any state statutes. Furthermore, Plaintiff's opposition brief to the motion to dismiss centers solely around Title VII violations.[7]    Therefore, we can only conclude that there are no state law claims asserted in the complaint. As such, we will amend the order accordingly.

*Retaliation through adverse employment action*

The court preserved plaintiff's claim for retaliation by alleged adverse employment actions which includes acts of undue discipline, poor performance reviews and unjustly increased workload as specified in Charge 1. We determined that there were colorable arguments both for and against a finding of adverse employment actions on this issue based on the broader definition of adverse employment actions applicable to retaliation claims found in <u>Burlington Northern & Santa Fe Railway Co.v. White,</u>[8],[9] Target maintains that plaintiff cannot demonstrate that the alleged adverse actions were taken in retaliation for engaging in any "protected activity."

To state a *prima facie* case of retaliation under Title VII, a plaintiff must establish that (1)

---

[7] More specifically, 42 U.S.C. § 2000e-3(a).

[8]  548 U.S. 53 (2006).

[9]  Memorandum Ruling. R. #14, p. 10.

she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal nexus existed between the protected activity and the adverse employment action.[10]

As noted by Target, an individual engages in a "protected activity" under Title VII when she has either "(1) 'opposed any practice made an unlawful employment practice' by Title VII, or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing' under Title VII."[11]  Target remarks that all of the alleged unlawful employment practices (acts of undue discipline, poor performance reviews and unjustly increased workload) occurred prior to plaintiff filing Charge 1 and therefore, Target maintains that these alleged unlawful employment practices could not have been taken in response to plaintiff filing Charge 1.  We agree.

Target further points out that Plaintiff had made complaints through Target's toll-free hot line, however, those complaints did not allege race discrimination or other conduct made unlawful by Title VII.  We note that we inadvertently failed to address this argument in our previous memorandum ruling. The complaint makes the following allegations:

> 4.
> In early 2010, Plaintiff's supervisor told her he wanted to terminate two Black employees, and asked Plaintiff to file false negative reports on them to "create a paper trail."
>
> 5.
> When Plaintiff refused to file the false reports, her supervisor told her she was not a "team player", and suddenly her work load increased.
>
> 6.
> On or about July 1, 2012, Barbara A. Carter submitted a report on Defendant's company hotline that a white employee's work tasks were being diverted to her, and that she was subjected to an excessive work load.

---

[10]  Green v. Administrators of Tulane Educ. Fund, 284 F.3d 642, 657 (5th Cir. 2002).

[11]  Montgomery v. Sears, Roebuck & Co., 2010 U.S. Dist. Lexis 122096, at *17 (W.D. La. Oct. 14, 2010)(citing Haynes v. Pennzoil, 207 F.3d 296 (5th Cir. 2000)(quoting 42 U.S.C. § 2000e-3(a)).

7.

After Plaintiff complained about her excessive work load, she received false disciplinary actions, some of which purportedly occurred on dates she did not work.

8.

As a result of the inequitable work load and disciplinary actions, Plaintiff received a poor performance rating and therefore less [sic] qualified for the position as Senior Team Leader which was assigned to Heather Simmons.

9.

Defendant's allocation of an increased work load and false disciplinary actions were in retaliation for Plaintiff's complaints to the corporate office of discriminatory activities.

Target argues that plaintiff's hotline calls do not constitute a protected activity. Target cites Richard v. Cingular Wireless LLC,[12] to support its position that plaintiff's complaints on Target's hotline are not "protected activity." Unfortunately, plaintiff has failed to make any counter-argument. Target maintains that plaintiff's *prima facie* case fails as a matter of law because there was no protected activity preceding the alleged adverse actions enunciated in Charge 1. Target requests that the court amend the October 12, 2012 and Memorandum Ruling and dismiss plaintiff's remaining retaliation claim under Title VII.

Plaintiff's complaint, taken as true, alleges that she complained that "a white employee's work tasks were being diverted to her, and that she was subjected to an excessive work load." The question we must answer is whether plaintiff's complaint to the Target corporate office was "protected activity?" Again, to satisfy the protected activity requirement, an employee must oppose conduct made unlawful by Title VII; complaining of unfair or undesirable treatment not addressed

---

[12] 233 Fed.Appx. 334, 338 (5 th Cir.2007)(unpublished)("complaining of unfair or undesirable treatment not addressed by Title VII will not suffice"); see also Webber v. Christus Schumpert Health Sys., 2011 U.S. Dist. Lexis 99235 at *22-23 (W.D. La. Sept. 2, 2011)(noting that "[n]ot every complaint garners its author protection under Title VII" and "[w]hile no 'magic words' are required, the complaint must in some way allege unlawful discrimination, not just frustrated ambition.")(internal citations and quotations omitted), aff'd., 2012 U.S. App. Lexis 13144 (5th Cir. June 27, 2012).

by Title VII will not suffice. In other words, plaintiff must have had an objectively reasonable belief, in good faith, that the activity she opposed was unlawful under Title VII.

Plaintiff does not allege that the white employee's work tasks were being diverted to her because of her race; in other words she has failed to allege that she felt that she was being treated unfairly due to her race.  Even though the complaint alleges that work tasks were being diverted to her from a white employee, the complaint fails to allege that the diversion was racially motivated and it would be a giant leap for this court to make such an inference without more being alleged in the complaint.  Furthermore, we have reviewed Charge 1 which complains of the conduct and find it significant that plaintiff did not mark "RACE" as the basis for her complaint; she only marked "RETALIATION" and listed the offenses as follows: "excessive workload; negative notes of my performance; low performance score of 60 out of 100 and two corrective actions."[13] [14]

"[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery on any recognizable legal theory, even though that theory may not be the one suggested or intended by the pleader, or the pleading must contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[15]

_____

[13]  Target exhibit A, Charge 1 attached to motion to dismiss. R. #5-2.

[14]  The court is acutely aware that this is a motion to dismiss pursuant to Federal Rule of Civil procedure 12(b)(6) and that we are relying on Charge 1 which is attached to the motion.  However, the complaint specifically refers to the complaint filed with the Louisiana Commission on Human Rights and EEOC and is central to plaintiff's claim.  See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)(in considering a motion to dismiss, documents attached to the motion are part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim).

[15]  In re Cameron Parish Rita Litigation, 2007 U.S. Dist. Lexis 43253, at *8 (W.D. La. Jun 13, 2007)(quoting 5 WRIGHT & MILLER, FEDERAL AND PRACTICE AND PROCEDURE: CIVIL 3D § 1216, at 220-27)(footnotes omitted) (quoted with approval in Rios v. City of Del Rio, 444 F.3d

Plaintiff's complaint fails to allege sufficient facts to demonstrate that her call to the Target corporate office complaining of an excessive work load, lower scores on performance reviews and false disciplinary reports was because of her race. Therefore, the complaint does not allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence of her participating in a protected activity. Accordingly, we find that plaintiff's claim of retaliation with respect to acts of undue discipline, poor performance reviews and increased workload must be dismissed.

## CONCLUSION

For the reasons set forth above the motion for reconsideration will be granted and the court will amend its prior order to remove consideration of the state law claims and grant Target's motion to dismiss plaintiff's retaliation claims under Title VII with respect to acts of undue discipline, poor performance reviews and increased workload.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of December, 2012.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

417, 420 (5th Cir. 2006));see also EEOC v. Watco Cos., 2011 U.S. Dist. Lexis 50501, at *8 (W.D. La. Apr. 8, 2011)(noting that while "[t]he McDonnell Douglas framework . . . is not controlling in this setting, [] it may be worthwhile to review" when assessing whether a plaintiff's complaint contains "enough factual matter (taken as true) to raise a reasonable hope or expectation that discovery will reveal relevant evidence of each element of [her] claim") (citing Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 257 (5th Cir. 2009).